Tionna Dolin (SBN 299010)
tdolin@slpattorney.com
Daniel Law (SBN 308855)
dlaw@slpattorney.com
Ariel Harman-Holmes (SBN 315234)
Aharman-holmes@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4933
Facsimile: (310) 943-3838

Attorneys for Plaintiffs,
MICHAEL CLENNEY and NORMA CLENNEY

SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
ERIC D. SENTLINGER (SBN: 215380)
esentlinger@grsm.com
SARAH CARLSON LAMBERT (SBN: 247360)
slambert@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant,
FCA US LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CLENNEY and NORMA CLENNEY,<br><br>    Plaintiffs,<br><br>    vs.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:22-cv-00547-VC<br><br>Hon. Vince Chhabria<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT [RULE 26]**<br><br>Hearing Date: July 13, 2022<br>Time: 1:00 PM<br>Department: 5, conducted virtually |

TO THE COURT:

-1-

UPDATED JOINT CASE MANAGEMENT STATEMENT

On July 1, 2022, Plaintiffs MICHAEL CLENNEY and NORMA CLENNEY ("Plaintiffs") and Defendant FCA US LLC ("Defendant" or "FCA US") (collectively, "the Parties"), by and through their counsel, held the conference required by Federal Rules of Civil Procedure, Rule 26(f). Pursuant to Federal Rules of Civil Procedure, Rule 26, Local Rule 16-9(a), and the Court's Order, the parties submit this Updated Joint Case Management Statement.

## **UPDATED CASE MANAGEMENT STATEMENT**

1. Jurisdiction and Service:

Plaintiffs Michael Clenney and Norma Clenney bring a Lemon Law action and fraud claim against Defendant FCA US, LLC ("FCA US"). At this time, there are no existing issues with regard to personal jurisdiction or venue. All named parties have been served.

2. Facts:

*Plaintiffs' Position*:

On or about February 15, 2014, Plaintiffs purchased a 2013 Dodge Challenger ("Vehicle"), which Vehicle was manufactured and/or distributed by Defendant FCA. With the Vehicle, Plaintiffs received various warranties, including but not limited to, bumper to bumper warranty, powertrain warranty, emission warranty, and California Emission Warranty. Defendant undertook to preserve or maintain the utility or performance of the Vehicle, or to provide compensation if there is a failure in utility or performance for a specified period of time.

During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects with the transmission, engine, or electrical system (the Totally Integrated Power Module, or "TIPM"), symptoms of which included engine light illumination, stalling, and sputtering. Said defects substantially impair the use, value, or safety of the Vehicle.

Defendant and its representatives have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number

of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

Therefore, on or about January 21, 2021, Plaintiffs filed a Complaint alleging violations of the Song-Beverly Act and other causes of action in California Superior Court, County of Alameda. Plaintiffs thereafter dismissed the case without prejudice and filed a Complaint in Federal Court for the following causes of action: (1) Violation of Subdivision (D) of Civil Code Section 1793.2; (2) Violation of Subdivision (B) of Civil Code Section 1793.2; (3) Violation of Subdivision (A)(3) of Civil Code Section 1793.2; (4) Breach of the Implied Warranty of Merchantability; (5) Violation of the Magnuson-Moss Warranty Act; and (6) Fraudulent Inducement-Concealment due to FCA concealing a known defect from Plaintiffs.

*Defendant's Position*:

Plaintiffs previously filed an action in California Superior Court, Alameda County. Plaintiffs dismissed the state court action, prior to re-filing in Federal Court.

FCA US denies the essential allegations of the Complaint. FCA US denies the Subject Vehicle was sold with defects or non-conformities to express and implied warranties, including, but not limited to, the transmission, engine, TIPM and electrical system. It is FCA US' position that, to the extent the Subject Vehicle experienced any problems or issues requiring service by FCA US' authorized repair facilities, any such problems or issues were not defects, not covered by the warranty, do not substantially impair the use, value or safety of the Subject Vehicle, or have been repaired within a reasonable number of repair attempts, and, thus, do not trigger FCA US' obligation to repurchase or replace the Subject Vehicle pursuant to the Magnuson-Moss Act under California law, including the Song-Beverly Act, as alleged in paragraph 168 of Plaintiffs' Complaint. FCA US further contends that concerns which manifest themselves more than a year after purchase of the vehicle cannot form the basis for a

breach of implied warranty under California Civil Code Section 1795.5(c). FCA US contends that Plaintiffs received timely notice of the availability of a third-party dispute resolution process but made no effort to use such process.

Moreover, FCA further contends it did not fraudulently conceal any information from Plaintiffs regarding the TIPM.

3. <u>Legal Issues</u>:

*Plaintiffs' Position*: Plaintiff alleges Violations of the Song-Beverly Act under various Civil Code Sections, the Implied Warranty of Merchantability, Violations of the Magnuson-Moss Warranty Act, and Fraudulent Inducement-Concealment.

The Parties fully briefed Defendant's Motion to Dismiss, which this Court denied on June 20, 2022.

*Defendant's Position*:

FCA US contends that the problems experienced by Plaintiffs are not defects and FCA US is under no obligation to make restitution or pay any damages whatsoever. FCA US further contends that Plaintiffs' alleged defects were not covered by the warranty, and did not substantially impair the use, value or safety of the Subject Vehicle, or were repaired within a reasonable number of repair attempts, and thus, do not trigger FCA US' obligation to repurchase or replace the Subject Vehicle pursuant to the Song-Beverly Act.

FCA US contends it did not fraudulently conceal any information from Plaintiffs regarding the TIPM.

4. <u>Motions</u>:

FCA US brought a Motion to Dismiss and to Strike, which was fully briefed and was taken under submission. On June 20, 2022, the Court issued an Order Denying Defendant's Motion to Dismiss. (Dkt. No. 33.) The Parties do not anticipate any motions seeking to add other parties or claims, or transfer venue. Discovery

motions or motions for summary judgment may be contemplated by the Parties, as appropriate. Additionally, the Parties also intend to file motions *in limine*.

5. Amendment of Pleadings:

Plaintiffs do not intend to add any claims. To the extent any of Plaintiffs' causes of action are successfully challenged, Plaintiffs request leave to amend their Complaint to cure any deficiencies.

FCA US does not intend to file any cross-complaints at this time, but reserves the right to do so should later facts arise.

6. Evidence Preservation:

Counsel for the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"). The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, including ESI, that are maintained in the ordinary course of business in accordance with the Federal Rules of Civil Procedure. The Parties do not believe that any extraordinary efforts are required. Unless otherwise agreed, the Parties agree to meet and confer regarding formats for any relevant ESI should it be required.

7. Disclosures:

The Parties exchanged Initial Disclosures on April 29, 2022. FCA US served Plaintiffs with its Amended Initial Disclosures on June 29, 2022.

8. Discovery:

*Plaintiffs' Position:*

To date, no discovery has been propounded or completed.

Plaintiffs do not believe that discovery should be limited or that discovery rules should be modified.

The parties will need to meet and confer with regard to e-discovery once it is determined how many documents are subject to production.

There are no current discovery disputes.

*Defendant's Position:*

No discovery has been propounded by either party. FCA US anticipates a protective order being necessary for this case.

9. <u>Discovery Plan</u>:

*Plaintiffs' Position:*

Plaintiffs will seek discovery on the following subjects:

Defendant's positions on which defects were successfully repaired and when they were repaired, which defects are normal characteristics of the Vehicle and the factual basis for that claim, which defects were caused by abuse and the factual basis for that claim, and which defects are not covered by the warranty and the factual basis for that claim.

The information known to and available to the Defendant about the defects.

Defendant's dealerships efforts to repair the Vehicle.

Defendant's response to Plaintiffs' request that Defendant repurchase the Vehicle.

Defendant's policies and procedures for complying with the legal obligations at issue in the case.

Defendant's advertising for the Vehicle.

Plaintiffs' discovery will include a deposition of Defendant, a deposition of each of the service personnel involved in the servicing of Plaintiff's Vehicle, a set of special interrogatories, a set of requests for admission, and a set of document demands. Plaintiffs will not know the number of depositions to be taken until after Plaintiffs receive the initial disclosures identifying the service personnel involved, and/or until Plaintiffs have reviewed FCA's document production.

*Defendant's Position:*

FCA US anticipates conducting discovery into the facts and circumstances surrounding the purchase, use, operation, maintenance, and repair history of the vehicle, including but not limited to (1) representations made by Plaintiffs at the time of sale; (2) whether Plaintiffs' vehicle had the alleged defects; (3) whether any such defects impaired the use, value or safety of the vehicle; (4) whether any such defects were repaired after a reasonable number of attempts; and (5) the nature and extent of Plaintiffs' alleged damages.

FCA US anticipates conducting Plaintiffs' depositions and the depositions of witnesses identified in Plaintiffs' disclosure, if any, and Plaintiffs' expert witnesses. FCA US anticipates conducting an inspection of the vehicle. FCA US further anticipates serving a set of Special Interrogatories; a set of Requests for Admission; and a set of Requests for Production of Documents on Plaintiffs. FCA US anticipates conducting third-party discovery by subpoena and/or deposition issued to dealerships which sold, serviced, or repaired the vehicle relating to Plaintiffs' vehicle and damages claimed by Plaintiffs, including, but not limited to San Leandro Chrysler Dodge Jeep Ram in San Leandro, CA, and Stoneridge Chrysler Jeep Dodge in Pleasanton, CA.

It is FCA US' position that overbroad and unduly burdensome discovery regarding other vehicles is not relevant to the issues involving Plaintiffs' vehicle and whether any alleged defects were present in Plaintiffs' vehicle which substantially impaired the use, safety or value of the vehicle under the Song-Beverly Act and/or Magnuson-Moss Act, which is why FCA US requests that discovery be conducted in stages, as set forth below. Accordingly, FCA US requests that no such orders be entered until such time as the parties' counsel met and confer regarding same and determine whether such an order is even necessary and/or relevant to the facts of this case, relating to the vehicle.

FCA US contends that discovery should be both proportional to the claims at issue and should be phased as follows: Phase 1 – discovery related to the vehicle (i.e. vehicle specific discovery and inclusive of dealership discovery pertaining to the

-7-
UPDATED JOINT CASE MANAGEMENT STATEMENT

vehicle) concurrent with any dispositive motions; Phase 2 (if permitted by the Court) – discovery into any policy and procedure issues/topics/categories sought by Plaintiffs; and Phase 3 (if permitted by the Court) – any discovery into the design, engineering, manufacturing and distribution of the vehicle. FCA US' position is that any discovery Plaintiffs seek which would fall into Phase 2 and Phase 3 is not relevant or proportional to the needs of the case. Thus, unless Plaintiffs can explain why Phase 2 and Phase 3 discovery is warranted after vehicle specific discovery is concluded, FCA US anticipates it will oppose Phase 2 and Phase 3 discovery.

Any discovery identified in the proposed Phase 3 above is irrelevant, overbroad and not proportional to the needs of this case. Thus, it should not be permitted. Discovery in Phase 2 should also not be permitted. At the very least, it should be limited. FCA US welcomes the input of the Court to avoid unnecessary discovery that is not proportionally related to the claims at-issue with respect to written discovery and depositions of Persons Most Qualified/Knowledgeable pursuant to Fed. R. Civ. Proc. 30(b)(6).

To the extent Plaintiffs contend that multiple dealer personnel occurring on the same date shall count only as one deposition against the ten-deposition maximum as set forth in Federal Rule of Civil Procedure 30(a)(2)(A), Defendant FCA US' position is that each individual noticed for deposition should count as one deposition against the ten-deposition maximum.

10. Class Actions:

This is not a class action case.

11. Related Cases:

The parties are not aware of any related cases.

12. Relief:

*Plaintiffs' Position:*

Plaintiffs seek damages reflecting the purchase price of the Vehicle, in the various incidental and consequential damages, a civil penalty of two times that amount

-8-
UPDATED JOINT CASE MANAGEMENT STATEMENT

for each of the three violations alleged in the complaint, rescission of the purchase contract, prejudgment interest at the legal rate, plus attorney fees and costs of suit, punitive damages, and any other relief available through the Song Beverly Act.

*Defendant's Position:*

FCA US denies all liability and further denies that Plaintiffs are entitled to any damages or any other relief. FCA US will seek their costs and other relief as the Court deems appropriate.

13. Settlement and ADR:

The Parties stipulated to private mediation and this Court issued an order granting the stipulation. (Docket No. 21.) The Parties agree to complete mediation by November 18, 2022.

14. Consent to Magistrate Judge For All Purposes:

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

15. Other References:

This case is not suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

FCA US is amenable to arbitration.

16. Narrowing of Issues:

At this time, the Parties are not aware of any issues that can be narrowed by agreement or by motion or of suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts).

17. Expedited Trial Procedure:

This case cannot be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

18. Scheduling:

| Matter | Protocol | Parties' Request | Court's Order |
|---|---|---|---|
| Trial | Monday at 8:30 a.m. | June 5, 2023 | |
| Pretrial Conference at 2:30 p.m. | 1-2 weeks before Trial, Tuesday | May 23, 2023 | |
| Last Day to Hear Dispositive Motions | 2-3 months before PTC, Thursday | March 23, 2023 | |
| Expert Discovery Cutoff | Per agreement | February 26, 2023 | |
| Expert Disclosure (rebuttal) | Per agreement | February 16, 2023 | |
| Expert Disclosure (initial) | Per agreement | January 26, 2023 | |
| Non-expert Discovery Cutoff | 8 weeks before dispositive motion deadline | January 26, 2023 | |

19. Trial:

The parties estimate a 5-7 day trial. Plaintiffs request a jury trial and FCA US requests a bench trial.

20. Disclosure of Non-party Interested Entities or Persons:

*Plaintiff's Position:*

Plaintiff has not filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. Plaintiff is unaware of any persons or entities with either a financial interest in the subject matter in controversy or in a party to the proceeding; or any other kind of interest that could be substantially affected by the outcome of the proceeding.

*Defendant's Position:*

FCA US filed a Certification of Interested Parties or Persons on March 6, 2022 (Dkt. No. 15.)

21. Professional Conduct:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

22. <u>Other Matters:</u>

None known at this time.

Dated:

                Respectfully submitted,
                **STRATEGIC LEGAL PRACTICES, APC**

                */s/ Ariel Harman-Holmes*
                Ariel Harman-Holmes
                Attorneys for Plaintiffs

                GORDON REES SCULLY MANSUKHANI, LLP

                */s/ Sarah Carlson Lambert*

                Spencer P. Hugret
                Eric D. Sentlinger
                Sarah Carlson Lambert
                Attorneys for Defendant
                FCA US LLC

UPDATED JOINT CASE MANAGEMENT STATEMENT